UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 MAR -4  A  9: 17

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Marc W. Lamberti, pro se, | ) |
| Plaintiff | ) |
| | ) |
| Vs. | ) |
| | ) |
| Delta Roofing, LLC, | ) |
| Delta Roofing Maine, LLC, | ) |
| Brett D. Chapman, | ) |
| Samuel M. Sherry, and | ) |
| Metropolitan Legal Center, PA, | ) |
| Defendants | ) |

**05 CV 10407 DPW**

Civil Action No.

RECEIPT # 62509
AMOUNT $_____ 250.00
SUMMONS ISSUED___5____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK.____M.R.___
DATE_____3/4/05___

## COMPLAINT

MAGISTRATE JUDGE___MBB___

### INTRODUCTION

This is a complaint for breach of contract; fraudulent misrepresentation; slander of title; intentional infliction of emotional distress; violation of Massachusetts Consumer Protection law M.G.L.A Chapter 93A; and injunctive relief.

### JURISDICTION

This Court has jurisdiction of the underlying action by reason of the present diversity of citizenship of parties, 28 U.S.C. 1332, as well as by the Massachusetts long-arm statute, M.G.L. Ch. 223A, Section 3.

### PARTIES

1. The Plaintiff, Marc W. Lamberti, is and at all times relevant hereto has been a resident of the State of Massachusetts living at 40 Saint Botolph Street, Apartment 24, Boston, Massachusetts 02116.

2. The Defendant, Delta Roofing, LLC is a Limited Liability Company organized under the laws of New Hampshire and at all times relevant hereto has been doing business within the state of Massachusetts at two locations: 5 Esquire Road, North Billerica, Massachusetts 01862 and 405 West Street, West Bridgewater, Massachusetts 02379 (hereinafter referred to as "Delta Mass").

3. The Defendant, Delta Roofing Maine, LLC is a Limited Liability Company organized under the laws of Maine, is a division of Delta Roofing LLC, and at all times relevant

hereto has been doing business at 1039 Riverside Street, Suite 1
Portland, Maine 04103 (hereinafter referred to as "Delta Maine").

4. The Defendant, Brett D. Chapman, is an individual residing at 23 Grasshopper Ln
Acton, MA 01720-4606 and at all times relevant hereto was an employee and agent
of both Delta Roofing, LLC and Delta Roofing Maine, LLC (hereinafter referred to as
"Chapman").

5. That Delta Roofing and Delta Maine were, in fact, one and the same organization,
holding themselves out to the public as a single entity and operation and at all times
relevant to this Complaint were under the ownership and/or control of Chapman.

6. The Defendant, Samuel M. Sherry, is an individual and attorney and at all times
relevant hereto was an employee and agent of Metropolitan Legal Center, PA, doing
business at 170 Ocean Street, South Portland, Maine 04112 (hereinafter referred to as
"Sherry").

7. The Defendant, Metropolitan Legal Center, PA, is a Professional Association
organized under the laws of the State of Maine and at all times relevant hereto was
doing business at 170 Ocean Street, South Portland, Maine 04112 (hereinafter
referred to as "Metropolitan").


FACTS

8. The Plaintiff is the owner of a certain parcel of land located in Newry, Maine and that
on or about May 2004 the Plaintiff began construction of a log home upon said land
which the Plaintiff intended to use for both personal and rental purposes.

9. On or about June 2004 the Plaintiff began a search for a company to install a standing
seam steel roof on his home in Newry, Maine. During the course of his search for
qualified companies to perform such work the Plaintiff came across Delta Mass'
Internet Web Site. As a result of the information contained therein the Plaintiff,
through his agent, , John M. Lamberti, (hereinafter referred to as "J. Lamberti")
contacted Delta Mass' Delta Maine Division, discussed the roof project with Delta
Maine's Project Manager/Estimator and forwarded to him a copy of the project's roof
plan.

10. That in subsequent telephone conversations between the Plaintiff, J. Lamberti and
Delta Maine's Project Manager/, and during visits by Delta Maine's Project
Manager/Estimator to the site the Plaintiff made it clear that time was of the essence
in installing the roof because the Plaintiff intended to rent the home during the winter
ski season and had to have the metal roof installed as soon as possible so that interior
work could begin. He was assured by Delta Maine's Project Manager/Estimator
during such conversations that Delta Maine could begin work as soon as the Plaintiff
had prepared the roof for the work to be performed by Delta Maine and that the

installation would take Delta Maine two (2) weeks, weather permitting. It was understood by the parties that preparation of the roof by the Plaintiff would include installation of 2 x 4 inch wood strapping nailed over 30 pound felt at intervals of 24 inches, installation of 2 x 12 inch boards installed over the felt in the eight (8) valleys of the roof and completion of roof trim.

11. That on or about July 28, 2004, based on the representations of Delta Maine's Project Manager/Estimator regarding the lead time for the commencement of the work, the time it would take for Delta Maine to complete the work and the competency and professionalism of Delta Maine to perform the work, the Plaintiff and Delta Maine entered into an agreement for Delta Maine to provide the materials and labor to install the required roof for a fixed price of $40,000. A copy of said agreement is attached hereto as Attachment "A").

12. That contemporaneous with the signing of the agreement the Plaintiff notified Delta Maine that the roof would be ready for the work to be performed by Delta Maine no later than August 30, 2004.

13. That thereafter, Delta Maine's Project Manager/Estimator came to the site on a number of occasions. On the first such occasion he delivered to the Plaintiff's work crew numerous rolls of 30 pound felt which he directed them to install on the roof before installing the strapping and valley boards. On subsequent visits to the site Delta Maine's Project Manager/Estimator gave directions to the Plaintiffs work crew regarding the proper way to install trim on the eaves and rakes so that Delta Maine's crew could properly install drip edge for the roof. In all cases, Plaintiff's work crew followed the instructions given by Delta Maine's Project Manager/Estimator and, by August 30, 2004, had prepared the roof for commencement of work by Delta Maine in accordance with the instructions given to them by Delta Maine's Project Manager/Estimator.

14. That subsequent to August 30, 2004 the Plaintiff made numerous inquiries of Delta Maine, as to when Delta Maine would begin work on the roof. At all such times the Plaintiff reminded Delta Maine that the roof had to be installed as quickly as possible so that critical parts of construction within the home that required protection against the weather could begin.

15. That upon making such inquiries Delta Maine, its agents, servants or employees told the Plaintiff that it was very busy and would get to the project as soon as possible.

16. That on or about September 14, 2004 Delta Maine had metal roofing materials delivered to Plaintiff's site, but shortly after the delivery it was found that the materials were the wrong color. The Plaintiff notified Delta Maine that a mistake was made and on September 22, 2004 Delta Maine had materials of the correct color delivered to the site. Upon that delivery the Plaintiff had to use two (2) workmen who were performing other tasks for the Plaintiff to help the delivery driver off-load

the new materials and re-load the old materials on the delivery truck. That work used approximately 3 man-hours of effort which was paid for by the Plaintiff.

17. That on or about October 1, 2004 Delta Maine's Project Manager/Estimator came to the site with a job supervisor to review the roof prior to commencement of the work. Upon seeing the roof Delta Maine's job supervisor stated that Delta Maine's Project Manager/Estimator had given incorrect instructions to the Plaintiff with regard to the location of strapping and trim and that the strapping that had been installed along the eaves and rakes, as well as the trim that had been installed in those areas had to be removed and reinstalled correctly by the Plaintiff before work could begin.

18. That thereafter, the Plaintiff was required to remove and reinstall the strapping and trim in questions which required over a week to perform.

19. That on or about October 15, 2004 a two man crew from Delta Maine came to the Plaintiff's property and left staging and other equipment on the property. Delta Maine then informed the Plaintiff that they would begin work on the roof the following Monday. The following Monday, however, Delta Maine's crew failed to appear at the site. Subsequently, Delta Maine informed the Plaintiff that their crew supervisor was in the hospital with appendicitis, that they could not contact him and that they did not know when they could commence work on the roof.

20. After numerous calls to Delta Maine by the Plaintiff a crew of three (3) men finally arrived on the property on or about November 1, 2004. Upon seeing the roof for the first time Delta Maine's crew supervisor told the Plaintiff's father, John M. Lamberti, who was present at the site and acting as the Plaintiff's representative for work being performed, that: (a) he estimated that the work would take his crew two (2) months rather than two (2) weeks to complete as originally quoted by Delta Maine; (b) that instead of the ice and water shield membrane that was called for in the agreement only 30 pound felt had been installed on the roof; and (c) that the lack of ice and water shield membrane on the eaves and in the valleys meant the roof installation would not meet current professional standards and that it could compromise the quality, integrity and waterproof nature of the roof. John M. Lamberti then informed him that Delta Maine's Project Manager/Estimator had delivered the 30 pound felt to the site personally, had, through two or more visits to the site over a period of three weeks overseen its installation by a crew working for the Plaintiff and had never mentioned installation of the ice and water shield membrane.

21. That because removal of all the strapping, the valley boards and the felt and then installation of the ice and water shield membrane, wood strapping and valley boards would further delay the roof project into the oncoming winter, the Plaintiff was left with no choice but to forego installation of the ice and water shield membrane and have Delta Maine proceed with the installation of the steel roof.

22. That after Delta Maine began the work it became apparent that their job supervisor's experience was with installation of copper rather than steel roofs and that he did not

know how to properly install a metal roof, particularly how to flash around the round log posts that were positioned on the four dormers of the roof. It also became apparent no one else on Delta Maine's crew knew how to flash the dormers. As a result one of the men performing other work for the Plaintiff volunteered to go on the roof to assist Delta Maine's crew and wound up installing the flashing around all of the dormers. It also became apparent from the time Delta Maine began work on the roof that its employees were unwilling and/or afraid to go on the roof because of the roof's extreme pitch, particularly if the weather was in the least bit inclement.

23. That on numerous occasions after work was begun by Delta Maine one or more of Delta Maine's crew, including its job supervisor, did not show up at the job site and went to work at other Delta Maine jobs that Delta Maine felt were more important that the Plaintiff's job. As a result, during the period from approximately November 1, 2004 through November 28, 2004 Delta Maine's crew completed very little work on the roof.

24. That as a result of Delta Maine's incompetence, their spotty attendance at the job site and their slow progress, the Plaintiff instructed two (2) workers who had been performing other jobs for the Plaintiff to work on installation of the metal roof, side-by-side with Delta Maine workers when Delta Maine workers were present and prepared to work, or by themselves when Delta Maine workers were either absent or unwilling to go on the roof.

25. On or about November 22, 2004, when it became apparent that Delta Maine's crew were unwilling, unable or not competent to perform the work, or were being moved by Delta Maine to other jobs, John M. Lamberti contacted Delta Maine to complain and to find out what could be done to speed up the project. He was then directed to speak with Chapman who Delta Maine's employee, agent or servant described as Delta Maine and Delta Mass' owner and manager.

26. That John M. Lamberti reached Chapman at his office in Billerica, Massachusetts and related the foregoing series of events to him as well as the Plaintiff's concern that the entire home construction project had been grossly delayed by the actions or inactions of Delta Maine. Chapman then apologized and stated that Delta Maine had grossly underestimated the time it would take to install the metal roof, that both Delta Maine and Delta Mass were very busy working on a number of large projects and could not spare any more manpower for the Plaintiff's project. He also said that due to the their underestimation of the effort required to install the metal roof he was "losing his shirt on the deal". John M. Lamberti then told Chapman he believed that he could get three (3) or more men experienced in installing metal roofs to work with Delta Maine to complete the roof. Chapman said he was happy with that suggestion and it was agreed that the Plaintiff would employ and pay the crew the men the Plaintiff brought to site and that all amounts expended by the Plaintiff for that work would be deducted from the $40,000 fixed price.

27. That on November 29, 2004 three (3) men hired by the Plaintiff in accordance with the verbal agreement reached with Chapman began working on the installation of the metal roof.

28. That after Plaintiff's crew began working on the roof Delta Maine's crew appeared and worked on the roof sporadically until approximately January 7, 2005 when they ceased coming to the site entirely.

29. That during said period while operating a lifting machine over the roof one of Delta Maine's employees ran the machine into a metal roof panel that had been installed causing serious damage to the integrity and appearance of the panel and the integrity and appearance of the roof in general.

30. That the Plaintiff estimates that during the entire time Delta Maine worked on the roof it was responsible for installing no more than twenty five (25%) percent of the total metal roof that was to be installed under the terms of the fixed price agreement.

31. That from November 29, 2004 until the date of this Complaint the roofing crew hired by the Plaintiff worked continuously on the roof except during times of extreme weather conditions.

32. That on January 11, 2005 Delta Maine sent the Plaintiff a bill for $15,500 for "work completed" on the project.

33. That the Plaintiff refused to pay that bill because of the litany of problems the Plaintiff had experienced with Delta Maine's performance as outlined in the previous paragraphs and because the Plaintiff had incurred and paid substantial sums to the roofing crew hired by the Plaintiff and intended to off-set such sums against the any sums due under the terms of the agreement as had been agreed with Chapman (see paragraph 25, above).

34. That shortly thereafter the Plaintiff received a telephone call from Chapman and Sherry, who Chapman described to the Plaintiff as the attorney who Chapman had hired to collect payment from the Plaintiff. Chapman then told the Plaintiff that his cost of materials for the job were $22,000, that he had incurred labor costs of approximately $18,000 and demanded that the Plaintiff pay him the $22,000. The Plaintiff described to Chapman and Sherry the history of what had occurred (as described in the previous paragraphs) and specifically reminded Chapman of the fact that Chapman had agreed to the deduction by the Plaintiff of amounts spent by the Plaintiff to complete the installation of the metal roof. The Plaintiff further told them: (a) that the roofing crew hired by the Plaintiff was responsible for completing over seventy (70%) percent of all of the labor required to complete the roof and had that only approximately five (5%) percent of the installation remained to be completed; (b) that the Plaintiff's expenditures to that date and his cost estimate to complete the remaining five (5%) percent of the work would be equal to or greater than the $40,000 fixed price of the agreement; (b) that the roof was damaged by Delta Maine's

employees; (c) that the materials provided by Delta Maine were insufficient to complete the job, requiring an additional expenditure by the Plaintiff of $2,200; (c) that because Chapman had said that he had incurred labor charges of approximately $18,000 and Delta Maine had completed no more than twenty five (25%) percent of the installation of the roof, it was obvious that had the Plaintiff not brought another roofing crew onto the job Delta Maine, had it complied with its obligation to complete the work, would have incurred at least an additional $54,000 in labor charges; and (d) that Chapman should be happy that the Plaintiff bailed him out of a bad agreement which had the effect of reducing Chapman's loss on the deal by over $14,000. Chapman and Sherry then told the Plaintiff that regardless of what had happened and what the Plaintiff had spent on the roof, if the Plaintiff did not pay them the $22,000 they said they spent for materials they would place a mechanic's lien upon the Plaintiff's property which would effectively shut down all future work.

35. That the Plaintiff refused and continues to refuse to make any payment to any of the Defendants.

36. That by letter dated February 7, 2005 Sherry and Metropolitan notified the Plaintiff that they had filed a Mechanic's Lien (Notice of Claim pursuant to M.R.S.A. Section 3251) with the Oxford County Registry of Deeds of Maine on the Plaintiffs property in Newry, Maine in the amount of $15,500. A copy of said letter is attached hereto as Attachment "B".

37. That on February XXX, 2005 Sherry and Metropolitan increased the amount of the Mechanic's Lien to $35,500.

38. That at the time of the filing of the Mechanic's Lien the Plaintiff was in the process of refinancing his home in Newry, Maine in order to obtain sufficient funds to complete the construction process.

39. That as a result of the filing of the Mechanic's Lien bank handling the refinancing stopped all processing of the Plaintiff's loan application.


## COUNT I

### FRAUDULENT MISREPRESENTATION
### VS.
### DELTA ROOFING, LLC

40. That the representations made by the Defendant, Delta Mass, its agents, servants or employees as described in Paragraphs 10 and 11, above were false and fraudulent and were made with the intention of inducing the Plaintiff to enter into a contract with the Defendant, Delta Roofing.

41. That the Defendant, Delta Roofing, knew or should have known that it did not have the capability to begin work within the time frame that it stated to the Plaintiff and the work would take eight (8) weeks to perform, rather than the two (2) weeks represented to the Plaintiff.

42. That such representations were of material and existing facts known to the Defendant, Delta Mass.

43. That the Plaintiff, while relying on such representations, was induced to enter into a contract with the Defendant, Delta Mass, based on such false and fraudulent representations.

44. That as a result thereof the Plaintiff was damaged as follows:

   a. Construction of the Plaintiff's home was delayed by over three (3) months, resulted in the Plaintiff being unable to complete the home for rental as he intended and causing the Plaintiff to lose over $40,000.

   b. The Plaintiff was forced to hire his own work crew to complete the roof at a cost to him of over $40,000.

45. Wherefore, the Plaintiff demands judgment against the Defendant, Delta Roofing, LLC, in the amount of $80,000, together with costs and interest thereon.

## COUNT II

### FRAUDULENT MISREPRESENTATION
### VS.
### DELTA ROOFING MAINE, LLC

46. That the representations made by the Defendant, Delta Maine, its agents, servants or employees as described in Paragraphs 10 and 11, above were false and fraudulent and were made with the intention of inducing the Plaintiff to enter into a contract with the Defendant, Delta Roofing.

47. That the Defendant, Delta Maine, knew or should have known that it did not have the capability to begin work within the time frame that it stated to the Plaintiff and the work would take eight (8) weeks to perform, rather than the two (2) weeks represented to the Plaintiff.

48. That such representations were of material and existing facts known to the Defendant, Delta Maine.

49. That the Plaintiff, while relying on such representations, was induced to enter into a contract with the Defendant, Delta Maine, based on such false and fraudulent representations.

50. That as a result thereof the Plaintiff was damaged as follows:

   a. Construction of the Plaintiff's home was delayed by over three (3) months, resulted in the Plaintiff being unable to complete the home for rental as he intended and causing the Plaintiff to lose over $40,000.

   b. The Plaintiff was forced to hire his own work crew to complete the roof at a cost to him of over $40,000.

51. Wherefore, the Plaintiff demands judgment against the Defendant, Delta Roofing Maine, LLC, in the amount of $80,000, together with costs and interest thereon.

## COUNT II

### FRAUDULENT MISREPRESENTATION
### VS.
### BRETT D. CHAPMAN

52. That the representations made by the Defendant Chapman as described in Paragraph 26, above were false and fraudulent and were made with the intention of inducing the Plaintiff to expend his own money to complete the contract obligations of the Defendants Delta Roofing and Delta Roofing Maine.

53. That the Defendant Chapman knew at the time he made such representations that he had no intention of permitting the Plaintiff to deduct Plaintiff's expenditures to complete the metal roof installation from the fixed price of the contract.

54. That the Plaintiff, while relying on such representations, was induced to agree to hire his own crew to complete the metal roof installation based on such false and fraudulent representations.

55. That as a result thereof the Plaintiff was caused damages of over $40,000.

56. Wherefore, the Plaintiff demands judgment against the Defendant, Brett D. Chapman, in the amount of $40,000, together with costs and interest thereon.

## COUNT IV

### BREACH OF CONTRACT
### VS.

### DELTA ROOFING, LLC

57. That the actions of the Defendant, Delta Mass, in failing to complete the installation of the metal roof in accordance with the terms of the contract between the parties, and in walking off the job, all as described in Paragraphs 23, 24, 25 and 28, above, constitutes a breach of the contract.

58. That the actions of the Defendant, Delta Mass, in failing install the ice and water shield membrane that was called for in the contract constitutes a breach of the contract.

59. That as a result thereof the Plaintiff was caused damages of over $100,000.

60. Wherefore, the Plaintiff demands judgment against the Defendant, Delta Roofing, LLC, in the amount of $100,000, together with costs and interest thereon.

### COUNT V

### BREACH OF CONTRACT
### VS.
### DELTA ROOFING MAINE, LLC

61. That the actions of the Defendant, Delta Maine, in failing to complete the installation of the metal roof in accordance with the terms of the contract between the parties, and in walking off the job, all as described in Paragraphs 23, 24, 25 and 28, above, constitutes a breach of the contract.

62. That the actions of the Defendant, Delta Maine, in failing install the ice and water shield membrane that was called for in the contract, as described in Paragraph 29, above, constitutes a breach of the contract.

63. That the actions of the Defendant, Delta Maine's, employees in causing damaged to an installed metal roof panel represented a breach by the Defendant, Delta Maine, of its contractual obligation to perform the work in a good and workmanlike manner.

64. That as a result thereof the Plaintiff was damaged as follows:

    a. Construction of the Plaintiff's home was delayed by over three (3) months, resulted in the Plaintiff being unable to complete the home for rental as he intended and causing the Plaintiff damages over $40,000 in loss of rental income.

    b. The failure of the Defendant, Delta Maine, to complete the installation of the metal roof forced Plaintiff to hire his own work crew to complete the roof and caused him damages of over $40,000.

c.  The failure of the Defendant, Delta Maine, to install the ice and water shield membrane caused damages to the Plaintiff of over $25,000.

d.  The damage caused to one of the metal roof panels by the Defendant, Delta Maine's employees caused damage to the Plaintiff of over $10,000.

65. Wherefore, the Plaintiff demands judgment against the Defendant, Delta Roofing Maine, LLC, in the amount of $115,000, together with costs and interest thereon.

## COUNT VI

### NEGLIGENCE
### VS.
### DELTA ROOFING, LLC

66. That the failure of the Defendant, Delta Mass, to complete the installation of the metal roof was caused by the negligence and incompetence of the Defendant, Delta Mass, its servants, agents or employees.

67. That the delay in completing the installation of the metal roof a described in Paragraphs 14, 15, 19, 22, 23 and 24, above, was caused by the negligence and incompetence of the Defendant, Delta Mass, its servants, agents or employees.

68. That the delay in completing the installation of the metal roof a described in Paragraphs 14, 15, 19, 22, 23 and 24, resulted in water entering into the interior of the house and causing serious damage and defacement to the interior logs.

69. The failure of the Defendant, Delta Mass, to install the ice and water shield membrane was caused by the negligence and incompetence of the Defendant, Delta Mass, its servants, agents or employees.

70. That the Plaintiff was caused to remove and re-install strapping on the roof, as described in Paragraphs 17 and 18, above, due to the negligence and incompetence of the Defendant, Delta Mass.

71. That the negligence of the Defendant, Delta Mass', employees caused serious damage to one of the metal roof panels that had been installed on the roof, as described in Paragraph 29, above, and which will require the removal and re-installation of a number of roof panels in order to repair the damage.

72. That as a result thereof the Plaintiff was damaged as follows:

a. Construction of the Plaintiff's home was delayed by over three (3) months, resulted in the Plaintiff being unable to complete the home for rental as he intended and causing the Plaintiff damages over $40,000 in loss of rental income.

b. The failure of the Defendant, Delta Mass, to complete the installation of the metal roof forced Plaintiff to hire his own work crew to complete the roof and caused him damages of over $40,000.

c. The failure of the Defendant, Delta Mass, to install the ice and water shield membrane caused damages to the Plaintiff of over $25,000.

d. As a result of having to remove and re-install strapping on the roof the Plaintiff was caused damages of over $10,000.

e. The damage caused to one of the metal roof panels by the Defendant, Delta Mass's employees caused damages to the Plaintiff of over $10,000.

73. Wherefore, the Plaintiff demands judgment against the Defendant, Delta Roofing, LLC, in the amount of $125,000, together with costs and interest thereon.

## COUNT VII

### NEGLIGENCE
### VS.
### DELTA ROOFING MAINE, LLC

74. That the failure of the Defendant, Delta Maine, to complete the installation of the metal roof was caused by the negligence and incompetence of the Defendant, Delta Mass, its servants, agents or employees.

75. That the delay in completing the installation of the metal roof a described in Paragraphs 14, 15, 19, 22, 23 and 24, above, was caused by the negligence and incompetence of the Defendant, Delta Maine, its servants, agents or employees.

76. That the delay in completing the installation of the metal roof a described in Paragraphs 14, 15, 19, 22, 23 and 24, resulted in water entering into the interior of the house and causing serious damage and defacement to the interior logs.

77. The failure of the Defendant, Delta Maine, to install the ice and water shield membrane was caused by the negligence and incompetence of the Defendant, Delta Mass, its servants, agents or employees.

78. That the Plaintiff was caused to remove and re-install strapping on the roof, as described in Paragraphs 17 and 18, above, due to the negligence and incompetence of the Defendant, Delta Maine.

79. That the negligence of the Defendant, Delta Maine's, employees caused serious damage to one of the metal roof panels that had been installed on the roof, as described in Paragraph 29, above, and which will require the removal and re-installation of a number of roof panels in order to repair the damage.

80. That as a result thereof the Plaintiff was damaged as follows:

   a. Construction of the Plaintiff's home was delayed by over three (3) months, resulted in the Plaintiff being unable to complete the home for rental as he intended and causing the Plaintiff damages over $40,000 in loss of rental income.

   b. The failure of the Defendant, Delta Maine, to complete the installation of the metal roof forced Plaintiff to hire his own work crew to complete the roof and caused him damages of over $40,000.

   c. The failure of the Defendant, Delta Maine, to install the ice and water shield membrane caused damages to the Plaintiff of over $25,000.

   d. As a result of having to remove and re-install strapping on the roof the Plaintiff was caused damages of over $10,000.

   e. The damage caused to one of the metal roof panels by the Defendant, Delta Maine's employees caused damages to the Plaintiff of over $10,000.

81. Wherefore, the Plaintiff demands judgment against the Defendant, Delta Roofing Maine, LLC, in the amount of $125,000, together with costs and interest thereon.


### COUNT VIII

### SLANDER OF TITLE
### VS.
### DELTA ROOFING, LLC

82. That the Defendant, Delta Maine, was directly responsible for the filing of the Mechanic's Lien against the Plaintiff's property in Newry, Maine as described in Paragraphs 36 and 37, above.

83. That at the time of the filing of the Mechanic's Lien the Defendant, Delta Mass, knew that it had breached its contract with the Plaintiff, that the Plaintiff had expended over

$40,000 to complete the Defendant, Delta Mass's, obligations under the contract and that the Plaintiff therefore owed the Defendant, Delta Mass, nothing.

84. That at the time of the filing of the Mechanic's Lien the Defendant, Delta Mass, knew that it had no valid or legal basis for filing same.

85. That at the time of the filing of the Mechanic's Lien the Defendant, Delta Mass, knew that the filing of a Mechanic's Lien would cause serious and irreparable harm to the Plaintiff.

86. That the Defendant, Delta Mass, illegally, maliciously and without basis filed the Mechanic's Lien against the Plaintiff's property with the direct intention of interfering with the Plaintiff's property rights in an attempt to force and coerce the Plaintiff into paying the Defendant, Delta Mass, sums in excess of $20,000 which the Defendant, Delta Mass, knew were not owed to it by the Plaintiff.

87. That as a result thereof the Plaintiff was damaged, and continues to be damage in the amount of over $1,000,000.

88. Wherefore, the Plaintiff demands judgment against the Defendant, Delta Roofing, LLC, in the amount of $1,000,000, together with costs and interest thereon.

## COUNT IX

### SLANDER OF TITLE
### VS.
### DELTA ROOFING MAINE, LLC

89. That the Defendant, Delta Maine, was directly responsible for the filing of the Mechanic's Lien against the Plaintiff's property in Newry, Maine as described in Paragraphs 36 and 37, above.

90. That at the time of the filing of the Mechanic's Lien the Defendant, Delta Maine, knew that it had breached its contract with the Plaintiff, that the Plaintiff had expended over $40,000 to complete the Defendant, Delta Maine's, obligations under the contract and that the Plaintiff therefore owed the Defendant, Delta Mass, nothing.

91. That at the time of the filing of the Mechanic's Lien the Defendant, Delta Maine, knew that it had no valid or legal basis for filing same.

92. That at the time of the filing of the Mechanic's Lien the Defendant, Delta Maine, knew that the filing of a Mechanic's Lien would cause serious and irreparable harm to the Plaintiff.

93. That the Defendant, Delta Maine, illegally, maliciously and without basis filed the Mechanic's Lien against the Plaintiff's property with the direct intention of interfering with the Plaintiff's property rights in an attempt to force and coerce the Plaintiff into paying the Defendant, Delta Maine, sums in excess of $20,000 which the Defendant, Delta Maine, knew were not owed to it by the Plaintiff.

94. That as a result thereof the Plaintiff was damaged, and continues to be damage in the amount of over $1,000,000.

95. Wherefore, the Plaintiff demands judgment against the Defendant, Delta Roofing Maine, LLC, in the amount of $1,000,000, together with costs and interest thereon.

## COUNT X

### SLANDER OF TITLE
### VS.
### BRETT D. CHAPMAN

96. That the Defendant, Chapman, directly ordered the Defendants, Delta Mass, Delta Maine, Sherry and Metropolitan to file the Mechanic's Lien described in Paragraphs 36 and 37, above.

97. That at the time of the filing of the Mechanic's Lien the Defendant, Chapman, knew that it the Defendants Delta Mass and Delta Maine had breached their contract with the Plaintiff, that the Plaintiff had expended over $40,000 to complete the Defendant's, Delta Mass and Delta Maine's, obligations under the contract and that the Plaintiff therefore owed the Defendants, Delta Mass and Delta Maine nothing.

98. That at the time of the filing of the Mechanic's Lien the Defendant, Chapman, knew that there was no valid or legal basis for filing same.

99. That at the time of the filing of the Mechanic's Lien the Defendant, Chapman, knew that the filing of a Mechanic's Lien would cause serious and irreparable harm to the Plaintiff.

100.   That the Defendant, Chapman, illegally, maliciously and without basis directly caused the filing of the Mechanic's Lien against the Plaintiff's property with the direct intention of interfering with the Plaintiff's property rights in an attempt to force and coerce the Plaintiff into paying the Defendants, Delta Mass and Delta Maine, sums in excess of $20,000 which the Defendant, Chapman, knew were not owed to them by the Plaintiff.

101.   That as a result thereof the Plaintiff was damaged, and continues to be damage in the amount of over $1,000,000.

102.    Wherefore, the Plaintiff demands judgment against the Defendant, Brett D. Chapman, in the amount of $1,000,000, together with costs and interest thereon.

## COUNT XI

### SLANDER OF TITLE
### VS.
### SAMUEL M. SHERRY

103. That the Defendant, Sherry, acting as attorney for the Defendant's Delta Mass and Delta Maine filed Mechanic's Lien against the Plaintiff's property in Newry, Maine as described in Paragraphs 36 and 37, above.

104. That at the time of the filing of the Mechanic's Lien the Defendant, Sherry, knew or should have known that the Defendant's Delta Mass and Delta Maine had breached their contract with the Plaintiff, that the Plaintiff had expended over $40,000 to complete the Defendant's, Delta Mass and Delta Maine's, obligations under the contract and that the Plaintiff therefore owed the Defendants, Delta Mass and Delta Maine nothing.

105. That at the time of the filing of the Mechanic's Lien the Defendant, Sherry, knew that there was no valid or legal basis for filing same.

106. That at the time of the filing of the Mechanic's Lien the Defendant, Sherry, knew that the filing of a Mechanic's Lien would cause serious and irreparable harm to the Plaintiff.

107. That the Defendant, Sherry, illegally, maliciously, recklessly and without basis directly caused the filing of the Mechanic's Lien against the Plaintiff's property with the direct intention of interfering with the Plaintiff's property rights in an attempt to force and coerce the Plaintiff into paying the Defendants, Delta Mass and Delta Maine, sums in excess of $20,000 which the Defendant, Sherry, knew or should have known were not owed to them by the Plaintiff.

108. That as a result thereof the Plaintiff was damaged, and continues to be damage in the amount of over $1,000,000.

109. Wherefore, the Plaintiff demands judgment against the Defendant, Samuel M. Sherry, in an amount of $1,000,000, together with costs and interest thereon.

## COUNT XII

### SLANDER OF TITLE
### VS.
### METROPOLITAN LEGAL CENTER, PA

110. That the Defendant, Metropolitan Legal Center, PA, acting as attorney for the Defendant's Delta Mass and Delta Maine caused its agents, servants or employees, to

file a Mechanic's Lien against the Plaintiff's property in Newry, Maine as described in Paragraphs 36 and 37, above.

111.    That at the time of the filing of the Mechanic's Lien the Defendant, Metropolitan Legal Center, PA,, its agents, servants or employees, knew or should have known that the Defendant's Delta Mass and Delta Maine had breached their contract with the Plaintiff, that the Plaintiff had expended over $40,000 to complete the Defendant's, Delta Mass and Delta Maine's, obligations under the contract and that the Plaintiff therefore owed the Defendants, Delta Mass and Delta Maine nothing.

112.    That at the time of the filing of the Mechanic's Lien the Defendant, Metropolitan Legal Center, PA, knew or should have known that there was no valid or legal basis for filing same.

113.    That at the time of the filing of the Mechanic's Lien the Defendant, Metropolitan Legal Center, PA, knew that the filing of a Mechanic's Lien would cause serious and irreparable harm to the Plaintiff.

114.    That the Defendant, Metropolitan Legal Center, PA,, illegally, maliciously, recklessly and without basis directly caused the filing of the Mechanic's Lien against the Plaintiff's property with the direct intention of interfering with the Plaintiff's property rights in an attempt to force and coerce the Plaintiff into paying the Defendants, Delta Mass and Delta Maine, sums in excess of $20,000 which the Defendant, Metropolitan Legal Center, PA,, knew or should have known were not owed to them by the Plaintiff.

115.    That as a result thereof the Plaintiff was damaged, and continues to be damage in an amount of over $1,000,000.

116.    Wherefore, the Plaintiff demands judgment against the Defendant, Metropolitan Legal Center, PA, in the amount of $1,000,000, together with costs and interest thereon.

## COUNT XIII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## VS.
## DELTA ROOFING, LLC

117.    That the conduct of the Defendant, Delta Mass, as described in Paragraphs 34, 36 and 37, above, was intentional and malicious and done for the purpose of causing the Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

118.   That as a proximate result of the Defendant, Delta Mass's conduct the Plaintiff suffered severe humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.

119.   Wherefore, the Plaintiff demands judgment against the Defendant, Delta Roofing, LLC, in the amount of $1,000,000, together with costs and interest thereon.

## COUNT XIV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### VS.
### DELTA ROOFING MAINE, LLC

120.   That the conduct of the Defendant, Delta Maine, as described in Paragraphs 34, 36 and 37, above, was intentional and malicious and done for the purpose of causing the Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

121.   That as a proximate result of the Defendant, Delta Maine's conduct the Plaintiff suffered severe humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.

122.   Wherefore, the Plaintiff demands judgment against the Defendant, Delta Roofing Maine, LLC, in the amount of $1,000,000, together with costs and interest thereon.

## COUNT XV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### VS.
### BRETT D. CHAPMAN

123.   That the Defendant, Chapman, directly ordered the Defendants, Delta Mass, Delta Maine, Sherry and Metropolitan to file the Mechanic's Lien described in Paragraphs 36 and 37, above, and was done by the Defendant, Chapman, intentionally and maliciously for the purpose of causing the Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

124.   That as a proximate result of the Defendant, Chapman's, conduct the Plaintiff suffered severe humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.

125.   Wherefore, the Plaintiff demands judgment against the Defendant, Brett D. Chapman, in the amount of $1,000,000, together with costs and interest thereon.

## COUNT XVI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### VS.
### SAMUEL M. SHERRY

126.    That the conduct of the Defendant, Sherry, as described in Paragraphs 34, 36 and 37, above, was intentional and malicious and done for the purpose of causing the Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

127.    That as a proximate result of the Defendant, Sherry's, conduct the Plaintiff suffered severe humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.

128.    Wherefore, the Plaintiff demands judgment against the Defendant, Samuel M. Sherry, in the amount of $1,000,000, together with costs and interest thereon.

## COUNT XVII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### VS.
### METROPOLITAN LEGAL CENTER, PA

129.    That the conduct of the Defendant, Metropolitan, its agents, servants or employees, as described in Paragraphs 34, 36 and 37, above, was intentional and malicious and done for the purpose of causing the Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

130.    That as a proximate result of the Defendant, Metropolitan's, conduct the Plaintiff suffered severe humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.

131.    Wherefore, the Plaintiff demands judgment against the Defendant, Metropolitan Legal Center, PA, in the amount of $1,000,000, together with costs and interest thereon.

## COUNT XVIII

### VIOLATION OF M.G.L.A. CHAPTER 93A
### VS.
### DELTA ROOFING, LLC

132.    That the conduct of the Defendant, Delta Mass, as described in Paragraphs 11, 14, 15, 17, 19, 20, 22, 23, 24, 26, 34, 36 and 37, above, constituted fraudulent, deceptive,

unfair, and wrongful acts and business practice, in violation of Massachusetts General Laws, Chapter 93A.

133.    That as a result thereof the Plaintiff suffered direct damages in the amount of $1,125,000.

134.    Wherefore, the Plaintiff demands treble damages against the Defendant, Delta Roofing, LLC, and judgment in the amount of $3,375,000, together with attorney's fees, costs and interest thereon.

## COUNT XVIII

### VIOLATION OF M.G.L.A. CHAPTER 93A
### VS.
### DELTA ROOFING MAINE, LLC

135.    That the conduct of the Defendant, Delta Maine, as described in Paragraphs 11, 14, 15, 17, 19, 20, 22, 23, 24, 26, 34, 36 and 37, above, constituted fraudulent, deceptive, unfair, and wrongful acts and business practice, in violation of Massachusetts General Laws, Chapter 93A.

136.    That as a result thereof the Plaintiff suffered direct damages in the amount of $1,125,000.

137.    Wherefore, the Plaintiff demands treble damages against the Defendant, Delta Roofing Maine, LLC, and judgment in the amount of $3,375,000, together with attorney's fees, costs and interest thereon.

## COUNT XIX

### VIOLATION OF M.G.L.A. CHAPTER 93A
### VS.
### BRETT D. CHAPMAN

138.    That the conduct of the Defendant, Chapman, as described in Paragraphs 26, 34, 36 and 37, above, constituted fraudulent, deceptive, unfair, and wrongful acts and business practice, in violation of Massachusetts General Laws, Chapter 93A.

139.    That as a result thereof the Plaintiff suffered direct damages in the amount of $1,125,000.

140.    Wherefore, the Plaintiff demands treble damages against the Defendant, Brett D. Chapman, and judgment in the amount of $3,375,000, together with attorney's fees, costs and interest thereon.

## COUNT XX

### VIOLATION OF M.G.L.A. CHAPTER 93A
### VS.
### SAMUEL M. SHERRY

141.    That the conduct of the Defendant, Sherry, as described in Paragraphs 34, 36 and 37, above, constituted fraudulent, deceptive, unfair, and wrongful acts and business practice, in violation of Massachusetts General Laws, Chapter 93A.

142.    That as a result thereof the Plaintiff suffered direct damages in the amount of $1,125,000.

143.    Wherefore, the Plaintiff demands treble damages against the Defendant, Samuel M. Sherry, and judgment in the amount of $3,375,000, together with attorney's fees, costs and interest thereon.

## COUNT XXI

### VIOLATION OF M.G.L.A. CHAPTER 93A
### VS.
### METROPOLITAN LEGAL CENTER, PA

144.    That the conduct of the Defendant, Metropolitan, as described in Paragraphs 34, 36 and 37, above, constituted fraudulent, deceptive, unfair, and wrongful acts and business practice, in violation of Massachusetts General Laws, Chapter 93A.

145.    That as a result thereof the Plaintiff suffered direct damages in the amount of $1,125,000.

146.    Wherefore, the Plaintiff demands treble damages against the Defendant, Metropolitan Legal Center, PA, and judgment in the amount of $3,375,000, together with attorney's fees, costs and interest thereon.

## COUNT XXII

### INJUNCTIVE RELIEF

147.    That the Mechanic's Lien described in Paragraphs 36 and 37 was filed without any legal basis and with the sole intention of coercing and forcing the Plaintiff to pay the Defendants, Delta Mass and Delta Maine sums to which they were not entitled.

148.    That the Plaintiff prays this Court to issue an order dissolving said Mechanic's Lien.

149.    Grant Plaintiff such other and further relief as justice may require.


The Plaintiff demands trial by jury.


Dated February 23, 2005                          Respectfully submitted,

                                                 Marc W. Lamberti, pro se
                                                 40 Saint Botolph Street
                                                 Boston, MA. 02116
                                                 (617) 515-6030

# Attachment A

**Delta**Roofing

1039 Riverside Street, Suite 1
Portland, ME 04103-1065
207-878-1732
FAX 207-878-1733



## ESTIMATE/PROPOSAL

July 23, 2004

JML General Counsel Services
Attn: Mr. John M. Lamberti
151 Shorewood Drive
East Falmouth, MA 02536

Project Name: New Log Home – Standing Seam Metal Roof System
Location:     Newry, Maine

New Construction:

- At the roof eaves (6') and valleys (9'), we will install one (1) layer of Grace VYCOR high – temperature bituthene ice & water shield membrane self-adhered directly to the wood deck. The balance of the wood deck will receive one (1) layer of 30# asphalt felt secure with roofing tins and nails.

- The new roof system will be installed over the underlayment and consist of a site formed Kynar 500 prefinished 24 gage galvanized metal standing seam panel roof system. The panels will be 20" wide and continuous from eave to ridge with 1 ½" high integral locking standing seams. The color to be selected from the material manufacturer's standard color chart and their finish will have a Thirty (30) year finish warranty from peeling, cracking crazing and/or fading.

- We have included provisions to install a ridge vent detail. We have not included a soffit vent.

- Hoisting and staging are included.

- At the completion of this project, we will furnish the building owner with this company's standard two (2) year guarantee for workmanship.

- Delta Roofing is not responsible for any permits, fees or weather delays.

- This estimate/proposal will become a contract once executed by both parties.

**TOTAL LABOR & MATERIALS: FORTY ~~TWO~~ THOUSAND ~~FIVE HUNDRED EIGHTY~~ ~~FIVE~~ DOLLARS ~~($42,585.00)~~. ($40,800).**

(Sales taxes are INCLUDED)

North Billerica, MA  •  West Bridgewater, MA  •  Portland, ME

# ATTACHMENT A



CustomerApproval: _____ Date: _7/28/04_

Delta Roofing: _____ Date: _07/23/04_
            Michel R. Mathieu – Project Manager/Estimator

Alternates: N/A

Qualifications:

    1). We have not included any provisions to install a snow guard system at the eaves. Please note that snow will slide-off a metal roof system.

    2). We have not included any provisions to provide gutters and downspouts.

Terms and Conditions:

- Delta retains title to the materials until contract is paid in full.
- Materials guaranteed as written by manufacturer.
- This estimate/proposal is valid for up to 30 days and does not constitute a contract until signed by both parties.
- Billings unpaid over 30 days shall be subject to 1.5% per month financing charge.
- Once both parties have signed this proposal, a schedule for commencement of work will be established based on present weather conditions and Delta's present workload.
- If the owner requires Delta to obtain the building permit, Delta may require that an engineering study be done to ensure the existing building structure is capable of handling the new roof system per current state and local building codes. The costs for the building permit and the engineering study will be passed on to the owner.

# ATTACHMENT B

## METROPOLITAN LEGAL CENTER, P.A.

P. O. BOX 18201
PORTLAND, MAINE 04112

(207) 799-8485
Telecopier: (207) 799-4790
www.FineAttorney.com

SAMUEL M. SHERRY
Attorney at Law
MaineLaw@aol.com

BOARD CERTIFIED
Creditors Rights Law
American Board of Certification
ME 04106

LOCATED AT
170 Ocean Street
South Portland,

February 10, 2005

**VIA CERTIFIED MAIL AND FIRST CLASS MAIL**
Marc W. Lamberti
40 St. Botolphs Street #24
Boston, MA 02116

**RE:    Delta Roofing Maine, LLC/Marc W. Lamberti**

Dear Mr. Lamberti:

This office has been retained by Delta Roofing Maine, LLC to collect outstanding invoices. Delta Roofing Maine, LLC's billing records show that you owe $15,500.00 for home improvement services and that you have not made payment despite repeated request.

Enclosed is a copy of a Notice of Claim of Lien in the above-referenced matter. Pursuant to 10 M.R.S.A. § 3251 *et seq.*, you are hereby notified that an <u>amended</u> mechanic's lien has been filed against your property as follows:

| | |
|---|---|
| DATE AND PLACE OF LIEN: | Oxford County Registry of Deeds<br>Mailed February 11, 2005 |
| AMOUNT STATED: | $35,000.00 |
| NAME OF LIEN CREDITOR: | Delta Roofing Maine, LLC<br>1039 Riverside Street, Suite 1<br>Portland, ME 04103 |
| ATTORNEY FOR CREDITOR: | Samuel M. Sherry, Esq.<br>METROPOLITAN LEGAL CENTER, P.A.<br>P.O. Box 18201, Portland, ME 04112-8201<br>(207) 799-8485 |

THIS IS A COMMUNICATION MADE TO COLLECT A DEBT. ALL
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# ATTACHMENT B

Lamberti Lien Notice
February 10, 2005
Page Two

     To dissolve this lien please contact me at the above address or telephone number. If you do not make payment, Delta Roofing Maine, LLC will pursue its rights in court. Please deal exclusively through me -- do not attempt to contact Delta Roofing Maine, LLC directly. Thank you, in advance, for your prompt cooperation.

                Very truly yours,

                Samuel M. Sherry

cc:    Delta Roofing Maine, LLC
       Norway Savings Bank (certified & regular)

C:\Clients\Businesses\Delta Roofing\Lamberti\Mechanics Lien Notice2.wpd

# ATTACHMENT B

## AMENDED NOTICE OF CLAIM OF LIEN
## PURSUANT TO 10 M.R.S.A. §§ 3251 ET. SEQ.

Samuel M. Sherry, Esq., being the agent-in-fact and attorney for **Delta Roofing Maine, LLC** of Portland, Maine ("Delta") deposes and states on oath as follows:

1. Pursuant to a contract between **Marc W. Lamberti** ("Lamberti"), a resident of Boston, Massachusetts, and Delta, Delta furnished goods and materials and services for residential construction at and upon in certain real estate (as described in Paragraph 3 herein) now owned, upon information and belief, by Lamberti and located at 38 Eddy Road, Newry, Portland, Oxford County, Maine (known as or so-called). If the real estate is not owned by Marc W. Lamberti, Delta does not know who the Lamberti is. Delta furnished the last of said services, goods and/or materials on January 11, 2005. The total price of said services, goods and/or materials remaining unpaid is **thirty-five thousand dollars ($35,000.00).**

2. All said services, goods and/or materials were furnished by Delta through its employees and were incorporated into the real estate described in Paragraph 3 with full knowledge and consent of the owner and general contractor, **Marc W. Lamberti**, and with full knowledge and consent of the Mortgagees and other parties in interest of record, to wit: Norway Savings Bank.

3. The real estate which into which said goods and materials were incorporated is located at 38 Eddy Road, Newry, Maine, more particularly bounded and described in a certain Warranty Deed dated January 5, 2004 from Robert K. Stewart to Marc W. Lamberti, which is recorded in the Oxford County Registry of Deeds in **Book 3447 Page 119**. Said deed and the descriptions therein are specifically incorporated herein by reference.

4. This Notice is being filed with the Oxford County Registry of Deeds pursuant to the provisions of M.R.S.A. Title 10, Section 3251 et seq. and constitutes a lien for **Thirty-Five Thousand Five Hundred Dollars ($35,000.00)** plus interest and costs on whatever interest said Lamberti and the above named Mortgagees and parties in interest have in the above-described property.

5. This Notice amends the Notice of Lien Claim recorded in the Eastern Oxford County Registry of Deeds in **Book 3670 Page 345.**

5. The foregoing statement is a true statement of the amount to Delta for said services, goods and or materials furnished and incorporated into said property with all just credits given.

Delta Roofing Maine, LLC

Dated: February ___, 2005

By: _____
Samuel M. Sherry, Its Agent and Attorney

# ATTACHMENT B

STATE OF MAINE                                         February _/_ , 2005
Cumberland, ss

      Samuel M. Sherry personally appeared as agent-in-fact and attorney for Delta Roofing
Maine, LLC and subscribed, on oath, to the truth of the foregoing statements and acknowledged
the foregoing to be his free act and deed.

                Before me,


_Barbara K. Curran_
Name:
Notary Public/Attorney-at-Law
My Commission Expires:

BARBARA K. CURRAN
Notary Public, Maine
My Commission Expires October 19, 2008

C:\Clients\Businesses\Delta Roofing\Lambert\Mechanics Lien2.wpd

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Marc W. Lamberti

**(b)** County of Residence of First Listed Plaintiff    Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John Lamberti          161 Sherwood Dr.   02536
JML Attorney        East Falmouth, MA 02536

## DEFENDANTS

Delta Roofing, LLC, Samuel M. Sherry
Delta Roofing Maine, LLC, Metropolitan Legal Center, PA
Brett D. Chapman

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
       LAND INVOLVED.

Attorneys (If Known)

FILED
IN CLERK'S OFFICE

2005 MAR -4

05 10407 DPW

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☒ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
190, 320 Massachusetts Consumer Protection Law M.G.L.A Chapter 93A, 28 U.S.C. 1332, Chapter 223A Section 3

Brief description of cause: Violation of Mass. Consumer Protection Law

Breach of contract, fraudulent misrepresentation, slander of title, intentional infliction of emotional distress

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 3,375,000
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** Marc W. Lember #iv, DDelta Roofing LLC, Delta Roofing Maine LLC, Brett Chapman, Samuel D M. Sherry, and Metropolitan Legal Center, PA

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
Also complete AO 120 or AO 121 for patent, trademark or copyright cases

_X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

___ V.   150, 152, 153.

**05   10407 DPW**

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.**

N/A

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**    YES ___  (NO)

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)**    YES ___  (NO)

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?    YES ___  NO

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?**    YES ___  (NO)

7. **DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).**    YES ___  (NO)

A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
EASTERN DIVISION      CENTRAL DIVISION      WESTERN DIVISION

B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
EASTERN DIVISION      (CENTRAL DIVISION)      WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  John M. Lamberti
ADDRESS  151 Shorewood Dr. E. Falmouth MA 02536
TELEPHONE NO. (508) 540-7117

(Cover sheet local.wpd - 11/27/00)