UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 05-CV-10407-DPW

| | |
|---|---|
| MARCH W. LAMBERTI, pro se, | ) |
| Plaintiff, | ) |
| v. | ) |
| DELTA ROOFING, LLC,<br>DELTA ROOFING MAINE, LLC,<br>BRETT D. CHAPMAN,<br>SAMUEL M. SHERRY, AND<br>METROPOLITAN LEGAL CENTER, PA, | ) |
| Defendants. | ) |

**MOTION OF DEFENDANTS, SAMUEL M. SHERRY AND METROPOLITAN LEGAL CENTER, PA, TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(2), 12(b)(4), AND 12(b)(5)**

The defendants, Samuel L. Sherry ("Sherry") and Metropolitan Legal Center, PA ("Metropolitan"), hereby move that the Court dismiss the complaint of plaintiff, Marc W. Lamberti ("Lamberti"), for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), for lack of personal jurisdiction over Sherry and Metropolitan pursuant to Fed. R. Civ. P. 12(b)(2), and for insufficient process and service of process upon Sherry and Metropolitan pursuant to Fed. R. Civ. P. 12(b)(4)-(5). In support of their motion, Sherry and Metropolitan state as follows.

1.   On February 23, 2005, Lamberti filed his complaint asserting claims of slander of title, intentional infliction of emotional distress, and a violation of Mass. Gen. Laws ch. 93A against Sherry and Metropolitan.

2. Lamberti states in his complaint that he is, and all times relevant hereto has been, a resident of the Commonwealth of Massachusetts. See ¶ 1.

3. Lamberti alleges in his complaint that defendant, Brett D. Chapman ("Chapman"), is an individual who resides in the Commonwealth of Massachusetts. See ¶ 4.

4. Under 28 U.S.C. § 1332, United States District Courts have jurisdiction of civil actions between citizens of different states. For diversity jurisdiction to exist, there must be complete diversity among the parties. In other words, none of the necessary parties on one side of a case may be a domiciliary of the same state as any party on the other side. Wisconsin Dept. of Corrections v. Shacht, 524 U.S. 381, 387 (1998).

5. Because Lamberti and Chapman both are citizens of the Commonwealth of Massachusetts, Lamberti's action fails to establish the complete diversity of citizenship that is necessary for this Court to assert subject matter jurisdiction over Lamberti's claims. Therefore, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

6. Lamberti's complaint also should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over Sherry and Metropolitan.

7. Finally, Lambert's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4)-(5) for insufficient process and service of process upon Sherry and Metropolitan.

8. This motion is supported by a Memorandum of Law which is filed herewith and incorporated herein by reference. Defendants Sherry and Metropolitan further note that defendants, Delta Roofing, LLC, Delta Roofing Maine, LLC, and Brett D. Chapman (collectively referred to as the "Delta Defendants"), filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction over the subject matter.

Sherry and Metropolitan <u>explicitly join</u> in the motion to dismiss filed by the Delta Defendants on the grounds that this Court does not have subject matter jurisdiction.

9. Defendants Sherry and Metropolitan do not fully brief their 12(b)(2), 12(b)(4), and 12(b)(5) defenses in the Memorandum of Law filed herewith. Rather, they request that this Court consider their motion to dismiss based on lack of subject matter jurisdiction before evaluating their other defenses. See <u>Deniz v. Municipality of Guaynabo</u>, 285 F.3d 142, 149 (1st Cir. 2002) (when a district court is faced with motions under both Rule 12(b)(1) and Rule 12(b)(6), it ordinarily ought to decide the former before broaching the latter because if the court lacks subject matter jurisdiction, other defenses become a matter of purely academic interest).

10. If this Court does not grant Sherry's and Metropolitan's motion to dismiss for lack of subject matter jurisdiction, Sherry and Metropolitan then request that this Court allow them a later opportunity to fully brief – and supply supporting affidavits in connection thereto – their Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5) defenses.

11. Pursuant to Mass. Local R. 7.1(a)(2), the undersigned counsel verifies that he has not conferenced this motion with any counsel for plaintiff because plaintiff purports to be unrepresented by counsel and signed his complaint *pro se*.

WHEREFORE, defendants, Samuel M. Sherry and Metropolitan Legal Center, PA, respectfully request that the complaint filed by plaintiff, Marc W. Lamberti, be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(5).

Respectfully submitted,
SAMUEL M. SHERRY and
METROPOLITAN LEGAL CENTER, PA,
By their attorney,

*/s/ Russell F. Conn*

Russell F. Conn, BBO #094440
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

DATED: March 25, 2005

### CERTIFICATE OF SERVICE

I, Beth N. Newmark, hereby certify that I have served a copy of the foregoing MOTION OF DEFENDANTS, SAMUEL M. SHERRY AND METROPOLITAN LEGAL CENTER, PA, TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(2), 12(b)(4), AND 12(b)(5), by U.S. mail, to the following:

1) Marc W. Lamberti, *pro se*, Plaintiff
   40 Saint Botolph Street
   Apartment #24
   Boston, MA 02116; and

2) Daniel F. Gilligan, Esq.
   Attorney for Defendants Delta Roofing, LLC,
   Delta Roofing Maine, LLC and Brett D. Chapman
   Troubh Heisler Piampiano Hark Andrucki, P.A.
   511 Congress Street, P.O. Box 9711
   Portland, ME 04104-5011
   (207) 780-6789

   Daniel F. Gilligan, Esq.
   179 Lisbon Street
   P.O. Box 7120
   Lewiston, ME 04243
   (207) 777-4600.

*/s/ Russell F. Conn*
Russell F. Conn

DATED: March 25, 2005

223042.1