UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 05-CV-10407-DPW

|  |  |
|---|---|
| MARCH W. LAMBERTI, pro se, | ) |
| Plaintiff, | ) |
| v. | ) |
| DELTA ROOFING, LLC,<br>DELTA ROOFING MAINE, LLC,<br>BRETT D. CHAPMAN,<br>SAMUEL M. SHERRY, AND<br>METROPOLITAN LEGAL CENTER, PA, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS,
SAMUEL M. SHERRY AND METROPOLITAN LEGAL CENTRE, PA,
TO DISMISS THE COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(b)(1), 12(b)(2), 12(b)(4), AND 12(b)(5)**

The defendants, Samuel M. Sherry ("Sherry") and Metropolitan Legal Center, PA ("Metropolitan"), hereby submit their memorandum in support of their motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), for lack of personal jurisdiction over Sherry and Metropolitan pursuant to Fed. R. Civ. P. 12(b)(2), and for insufficient process and service of process upon Sherry and Metropolitan pursuant to Fed. R. Civ. P. 12(b)(4)-(5). Sherry and Metropolitan further state as follows.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

This action, which was filed in federal court under the auspices of the federal court's diversity jurisdiction, seeks damages from the defendants for, *inter alia*, slander of title,

intentional infliction of emotional distress, and violations of Mass. Gen. Laws ch. 93A. Plaintiff, Marc W. Lamberti ("Lamberti"), filed his complaint on February 23, 2005. On March 23, 2005, defendants, Delta Roofing, LLC, Delta Roofing Maine, LLC, and Brett D. Chapman (collectively referred to as the "Delta Defendants"), filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction over the subject matter, along with the supporting affidavit of Brett D. Chapman.

Herein, defendants Sherry and Metropolitan explicitly join the Delta Defendants in their motion to dismiss for lack of subject matter jurisdiction. Sherry also asserts that plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5), for, respectively, lack of personal jurisdiction over Sherry and Metropolitan and insufficient process and service of process upon them.

## II. ARGUMENT

This action should be dismissed because this Court does not have jurisdiction over the subject matter set forth in the Complaint. Also, the plaintiff's complaint should be dismissed for lack of personal jurisdiction over, and insufficient process and service of process upon Sherry and Metropolitan.

### A. This Court lacks subject matter jurisdiction because complete diversity of citizenship does NOT exist among the parties to this action.

Pursuant to 28 U.S.C. § 1332, United States District Courts have jurisdiction of civil actions between citizens of different states. For diversity jurisdiction to exist, there must be complete diversity among the parties. Wisconsin Dept. of Corrections v. Shacht, 524 U.S. 381, 387 (1998). In other words, none of the necessary parties on one side of a case may be a domiciliary of the same state as any party on the other side. Id. The Court of Appeals for the First Circuit has defined domiciliary as "the place where [a person] has his true, fixed home and

principal establishment, and to which, whenever he is absent, he has the intention of returning." See Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1029 (1st Cir. 1988) (quoting 13B Charles A. Wright, et al., Federal Practice and Procedure § 3612).

In paragraph one of his complaint, Lamberti states that he resides at 40 Saint Botolph Street, Apartment 24, Boston, Massachusetts. In paragraph four of his complaint, Lamberti alleges that the defendant, Brett D. Chapman ("Chapman"), resides at 23 Grasshopper Lane, Acton, Massachusetts. In their motion to dismiss, the Delta Defendants verify– through the affidavit of Brett D. Chapman incorporated therein -- that Chapman does, in fact, reside within the Commonwealth of Massachusetts at the afore-listed address.[1]

Because it is undisputed that Lamberti and Chapman both reside in the Commonwealth of Massachusetts, complete diversity of citizenship does NOT exist in this case. Therefore, plaintiff's complaint should be dismissed on the ground that this court does not have subject matter jurisdiction.

**B.   Plaintiff's complaint should be dismissed because this Court lacks personal jurisdiction over Sherry and Metropolitan and because process and service of process upon Sherry and Metropolitan were insufficient.**

Fed. R. Civ. P. 12(h)(1) imposes a waiver of the defenses encompassed in Fed. R. Civ. P. 12(b)(2)-(5), (8), and (9), unless a defendant includes those defenses in his initial response to a complaint – whether motion to dismiss or answer. A defendant does not waive his defense of lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) or insufficient process or service

---

[1] The Delta Defendants, in their motion to dismiss, also argue that, pursuant to the court's decision in JTMR Enterprises v. Duchin, 42 F. Supp.2d 87, 93 (D.Mass. 1999), wherein the court held that limited liability companies are citizens of the state or states of which their members are citizens, the defendants, Delta Roofing, LLC and Delta Roofing Maine, LLC, also are residents of Massachusetts for the purposes of evaluating complete diversity of citizenship because Chapman is a member of both. Sherry and Metropolitan note that they explicitly join in the motion to dismiss filed by the Delta Defendants on the grounds that this Court does not have subject matter jurisdiction.

3

of process pursuant to Fed. R. Civ. P. 12(b)(4)-(5) by joining other defenses with them. See Fed R. Civ. P. 12(g).

The burden is on the party invoking the court's personal jurisdiction to establish jurisdiction. See Forster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995). Similarly, when process or service is challenged, the plaintiff must make a prima facie showing that the challenged service or process was sufficient. See generally Williams v. Jones, 11 F.3d 247 (1st Cir 1993) (exploring federal service of process requirements within the context of a workers' compensation claim); see also Brandi v. Nat'l Bulk Carriers, Inc., 436 N.E.2d 444, 445, 14 Mass.App.Ct. 916, 917 (1982) (stating that on a motion filed pursuant to Mass. R. Civ. P. 12(b)(2) and (5), the plaintiffs had the burden of establishing the facts on which they predicated jurisdiction over the defendant).

When faced with motions to dismiss based on multiple grounds, the district court ordinarily should decide the Rule 12(b)(1) motion first. See Deniz v. Municipality of Guaynabo, 285 F.3d 142, 149 (1st Cir. 2002) (when a district court is faced with motions under both Rule 12(b)(1) and Rule 12(b)(6), it ordinarily ought to decide the former before broaching the latter). Therefore, defendants Sherry and Metropolitan do not further brief their 12(b)(2), 12(b)(4), and 12(b)(5) defenses at this time but ask that this Court consider their motion to dismiss based on lack of subject matter jurisdiction before evaluating their other defenses.

Should this Court grant Sherry's and Metropolitan's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, the issues of personal jurisdiction and insufficiency of process and service of process raised by Sherry and Metropolitan will be moot. However, if this Court does not grant Sherry's and Metropolitan's motion to dismiss for lack of subject matter jurisdiction, Sherry and Metropolitan request that this Court grant them a later

opportunity to fully brief – and supply supporting affidavits in connection thereto – their Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5) defenses.

### III. CONCLUSION

For the foregoing reasons, defendants, Samuel M. Sherry and Metropolitan Legal Center, PA, respectfully request that the Court grant their motion to dismiss.

                               Respectfully submitted,
SAMUEL M. SHERRY and
METROPOLITAN LEGAL CENTER, PA,
By their attorney,

*/s/ Russell F. Conn*

Russell F. Conn, BBO #094440
CONN KAVANAUGH ROSENTHAL
  PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02109
DATED: March 25, 2005
(617) 482-8200

### CERTIFICATE OF SERVICE

I, Beth N. Newmark, hereby certify that I have served a copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS, SAMUEL M. SHERRY AND METROPOLITAN LEGAL CENTRE, PA, TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1), 12b)(2), 12(b)(4), AND 12(b)(5), by U.S. mail, to the following:

1) Marc W. Lamberti, *pro se*, Plaintiff
   40 Saint Botolph Street
   Apartment #24
   Boston, MA 02116; and

2) Daniel F. Gilligan, Esq.
   Attorney for Defendants Delta Roofing, LLC,
   Delta Roofing Maine, LLC and Brett D. Chapman
   Troubh Heisler Piampiano Hark Andrucki, P.A.
   511 Congress Street, P.O. Box 9711
   Portland, ME 04104-5011
   (207) 780-6789

   Daniel F. Gilligan, Esq.
   179 Lisbon Street
   P.O. Box 7120
   Lewiston, ME 04243
   (207) 777-4600.

*/s/ Russell F. Conn*
Russell F. Conn

DATED: March 25, 2005
223044.1

5